**United States District Court**
**Eastern District of Texas**
**Tyler Division**

Kurby Decker Plaintiff

Cause No: 6:22cv/60

Honorable Judge: JCB/JDL

VS

Bryan Collier
Christopher A Holman
Brian W Taylor
**Defendants**
Civil Suite: Individually and In the Official Capacities
as Members of the Texas Department of Criminal Justice
Institutional Division

Civil Rights Complaint
Jury Trial Demand

Lannette Linthicum MD
Lisa Phillips RN
Kristine Carouth LVN
**Defendants**
Individually and in Their Official Capacities as Members
of the University of Texas Medical Branch

Plaintiff Adopts by Reference Listed Officials Acts, Omissions of Retaliation Deprived Him of His Federal Constitutional Rights while acting Under Color of State Law, Texas Department of Criminal Justice Institutional Division, Seeking Punitive, Declaratory, and Injunctive Relief in Official and Personal Capacities from All Parties Listed.

**Parties to Suit, Location of Service Defendant**

1. Bryan Collier, Executive Director TDCJCID, 209 West 14th St 5th Floor Austin Texas 78701

2. Christopher Holman Captain TDCJCID, Beto Unit, 1391 FM 3328 Tennessee Colony, Texas 75880

3. Brian Taylor Sergeant TDCJCID, Beto Unit, 1391 FM 3328, Tennessee Colony, Texas 75880

4. Lannette Linthicum MD UTMB Director, 2-Financial Plaza Suite 801, Huntsville Texas

5. Lisa Phillips RN UTMB, Beto Unit, 1391 FM 3328, Tennessee Colony, Texas 75880

6. Kristine Carouth LVN, UTMB Beto Unit, 1391 FM 3328, Tennessee Colony, Texas 77880

7. Plaintiff, Kurby Decker, 6812 N Troost Ave, Gladstone, Missouri 64118

Plaintiff Has Exhausted Both Step 1 & 2 of the TDCJ Administrative Grievance System, Pursuant to PLRA-42usc1997.

(1)

**Jurisdiction and Venue:**

Federal Question under 28usc 1331 and by 28usc 1343, 1367 Pendent Claims brought under 42usc 1981, 1982, 1983, 1985, 1986. American with Disability Act 42usc 12131-33, 42usc 12203, 42usc 12101. Rehabilitation Act 29usc 794, Each Defendant held Joint and Several Liability. Plaintiff requesting Injunctive and Declaratory Relief leaving complete Discretion to Jury for any money Damage Awards, Invoking Federal Civil Rule 38 Jury Trial Demand within. Add Prospective Relief.

Venue is Proper in this Court because Defendants all reside in the State of Texas, Acting in Their Official Capacities under color of State Law< A Substantial Part of the Unlawful Events Omissions gave rise to Claim occurred in the Anderson County Texas, at the main office of the TDCJCID making 28usc 1391 (B) (1) appropriate deemed to reside principle place in Texas. Beto Unit, Tennessee Colony, Texas

**Introduction**

Plaintiff Civil Rights Claims most occurred on the Beto Unit when a Blood Gang Enforcer Raymond Gray #648809 ordered hit at Behest of TDCJ USDC #509-CV-027, Subsequent injuries, Fractured Left Tibia, Stab Wound to Right Arm, Ligament damage. PA Schafer missed Fractures on x-rays.  Did not receive any corrective treatment causing left leg contracture at 90 degrees. Degenerative Spinal Stenosis, CVA left Hemiplegia, Melanoma Cancer, Concomitant Bone Density Deficiency, Flexion Contracture Left Hand, Right Hand Ulnar Neuropathy, Chronic Denervation, Plaintiff has been bed ridden 8 years at NRMF hospital was transferred to Beto Unit. Requesting to apply the continuing Tort Doctrine, and support agencies Illegal Custom, Policy, Practices that violate Federal Laws subsequent injuries listed not from Assault only, fractured Tibia, Fibula, Stab. Deliberate Indifference to serious medical needs.

**Statement of the Issues**

Plaintiff ask for Declaratory Judgment as to the Existence of the Violations of the Statutory and Constitutional Rights asserted and for Preliminary and Permanent Injunction Relief:

(1)  Discrimination based on Disability, Title 11 ADA 42usc 12131_33
(2)  Coercing Threats, Intimidation Requesting ADA Services Retaliation 42usc 12203, 12101
(3)  Placement in Isolation Segregation because of Disability 42usc 12101
(4)  Denial of Due Process in Disciplinary, Grievance Administration and Parole Reviews
(5)  Deliberate Indifference to Serious Medical needs in Violation of Due Process Clause
(6)  Deprivation of Equal Rights Protection Clause of the 14th Amendment USCA
(7)  Infringement of the 8th Amendment Rights Punishment for being Disabled
(8)  Enjoin TDCJ, UTMB Illegal Policies to Retaliate for Legitimate Medical Complaints
(9)  Violation of Freedom from Unjustified Intrusions of Personal Security
(10) Enjoin TDCJ Failure to Calculate Time is place on Inmate
(11) Truculent, Torture no Assist Plaintiff to Toilet or 24-hour Diaper Change, Human Dignity
(12) Denied Accommodation under 'ADA 42usc 12131-33 to Service Programs Activities due to Disability

**(2)**

**Civil Rights Claims Start:**

(1) Since arrival Beto Unit E2-NRMF 4/11/2019 Through 9/17/2020 Dr Linthicum refused ADA 42usc 12131 Accommodation for Stretcher Load in transport MPV for all Hospital Appointments, unable to crawl, climb into 4 foot high vehicle. TDCJ forced Involuntary refusals with Disciplinary codes 25.2 refusing to attend MD appointments due to Disability, coercive threats.

(2) Dr Linthicum listed Nurses were deliberately indifferent to listed medical conditions I.E., leg contracture, spinal stenosis, serious medical needs causing Plaintiff to become Bed Bound, in Violation of the 8th amendment cruel and unusual punishment clause.

(3) Plaintiff is an outspoken Pro life 1st Amendment Free Speech Advocate on Brutal unconstitutional conditions of Confinement.  UTMB, TDCJ Transcend Retaliation Reprisals, animosity for this.

(4) Illicit Custom , Policy for UTMB Medical to coerce Involuntary Refusals for assisted daily living, ADL using TDCJ Security threats of violence, theft of personal property, trumped up Disciplinary Cases for personal gain laziness is Epidemic.

(5) Dr Linthicum, Phillips violated UTMB 2 hour diaper changes Policy on 5/5/2020 through 9/17/2020 by ordering 8 hour diaper changes for Plaintiff, all other bed bound patients, who were also incontinent, states 42usc 1985 Discrimination Claim. from this time Plaintiff only received diaper changes 2 nights of every 7 days, laying in urine and fecal matter 12 to 14 hours is malicious cruelty, 8th Amendment USCA violation.

(6) If Plaintiff complained about Neglect, abuse Holman, Taylor, Phillips TDCJ Security Officers would come to room with threats of violence, false disciplinary cases to dissuade any request for ADL's enforcing a discriminatory policy from Shift staff medical UTMB.

(7) Days after each Grievance I-127 a bogus Disciplinary case would follow within Temporal time proximity documentation Plaintiffs conduct was Federally protected free speech to chill and deter a person from continuing to complain. Holman, Collier failed Supervision.

(8) Defendants Phillips, Carouth Intentional and Maliciously Influenced, Malviolent TDCJ Security, Holman and Taylor, Collier to Harass, threaten violence, to Force Involuntary Medical Refusals I.e. diaper changes, Beto has no Total Care Facilities, Shower bed was alleged to be broken.

(3)

(9) From 5/5/2020 Plaintiff received no showers, very few diaper changes, per MD order I.e., 2 hours daily showers then contracted Bacterial Infections with open wounds due to laying in feces urine body waste for 8 to 24 hours. Treated with Antibiotics for several weeks, I.e. rash, itching violating the 8th Amendment, US

(10) To force Involuntary Refusals, Phillips, Carouth Influenced Holmes, Taylor wrote several Fraudulent disciplinary cases #20190-227357, #20200-189737 alleging an assault on a Nurse.

(11) Plaintiff was denied Due Process Equal Protection Rights, denied all Witnesses, substitute Counsel effectiveness, Confrontation cross Examination, 24 hours' notice before Hearing, all based upon Retaliatory Fraudulent Charges. Placed on 45, 45 cell Restriction Extreme Solitary Isolation Confinement to L-2-G-5 custody Level for 2 years.

(12) On 7/26/2021 USDC Southern District #4:21-CV-542 overturned the Cases, ordering TDCJ to return all Punishment, after it was all completed.

(13) Listed Defendants violated the 8th Amendment, cruel and unusual punishment clause when they transferred Plaintiff to a Unit (Beto) knowingly they had no total care facilities. This meets the objective component seriousness Physical Injuries Neglect, Failure to follow MD orders, extreme Isolation.

(14) Objective component met when officials State of mind who are aware and responsible to provide humane conditions of confinement. Period to the unnecessary and wanton Infliction of pain and suffering. Laying in fecal waste for days, no shower, or bed bath. Living conditions unquestioned and serious deprivation of basic human needs and of minimal civilized measures of life. Necessities, food, shelter. Medical care and reasonable safety as well as warmth and exercise.

(15) Deprivation of sanitation and personal hygiene, Taylor Holman most days denied food placed AD 4.11. Designator Code on door without UCC authorization only supervisors could unlock plaintiff's door every 8 to 10 hours. Delivery food ice cold, bacteria laced or None at all mice, rats, rodents, roaches in bed infestation. Plaintiff treated for bites.

(16)    During time frame Plaintiff was filing Extension Complaint Grievances, Ombudsman please see #2019117357, 2019119322,2019126222, 2020057153, 20210159765, 2021050828, 2020080652 after each complaint, Retaliation 18usc242 increased, no basic Health Care UTMB, Taylor, Holman, Collier allowing SSI's (Porters) to smoke K-2 laced with PCP meth in the Infirmary, exposing sick dying Inmates to 2nd hand smoke, (causing 30 ICS daily).

(4)

(17)  This demonstrates a Policy Statement for TDCJ. Collier to allow retaliation to silence Free *Speech as shown* a large amount of false Disciplinary Cases written all overturned. TDC using to extend mandatory supervision discharge date of 4/28/2021 to 1/31/2022 overturned but left in *File to increase confinement as a habitual offender,* 8th Amendment Violation Date accrued injury 4/28/2021

| | | |
|---|---|---|
| (A) 20190227357 | (E) 201301370 | (J) 20140270613 |
| (B) 20200189737 | (F) 20120244238 | (K)20140317217 |
| (C) 20140202370 | (G) 20720070200748 | |
| (D)201400227540 | (H) 20190141573 | |
| | (I) 2018 0314245 | |

(18)   Plaintiff put TDCJ Collier, UCC and State Classification on notice of 4/28/2021 discharge date under Pre 1996 mandatory Legislature Statutes. Establish Officials knowledge a deliberate indifference in excessive confinement, was unauthorized punishment inflicted Officials failed to act in accordance with Plaintiffs 8th and 14th amendment rights forcing Plaintiff to do an extra 9 months of unjustified detention in retaliation of fraudulent disciplinary cases.

(19)  *24 months of Punitive Segregation was qualitatively different from the punishment* characteristically suffered by a person convicted of a crime stating 8th Amendment Violation, *imposing atypical and significant hardships in relation to the ordinary incidents of prison life,* please incorporate prior cruelty, food deprivation, no diaper changes, showers, causing Bacterial, Fungal Infections, Skin Breakdown.

(20)  24 months Congress described the Isolation, Segregation of Individuals with a Disability as a Services Pervasive Form of Discrimination, ADA 42usc 12101. The Integration Regulation requires an Entity of Administrative Programs appropriate to the needs of a qualified person with Disability. 28CFR35.130 42usc 13132.

(21)  No in cell call lights or intercom was available behind locked solitary rooms, medical or security would only do welfare checks every 8 to 12 hours, stated a ADA- 42usc 12131 Disability Discrimination denied of access to services i.e., Prudent Health and Safety Care.

(22)  *Reference Collier to all paragraphs, all defendants acted deliberately by implementing an* Unconstitutional Policy, knowingly ignore a practice that was consistent enough to constitute a custom, executes a policy statement, regulation, a decision maker, by acting recklessly, maliciously, intentionally with gross negligence, apply to all Constitutional Violation Claims.

(23)  TDCJ, Collier, Holman in retaliation validated Plaintiff as a gang leader in Organized Crime without Due Process to be heard in a meaningful place and time once a liberty interest is established, Texas Inmates have a Due Process Right to be free from Arbitrary State Action. Malice a deliberate falsehood to change Plaintiff with an officer, damage to name, reputation, slander by oral communication on Board of Pardons and Parole website.

(24)  Plaintiff has sworn affidavits from STG Huntsville Main Office Sworn the Plaintiff is not a gang member, no tattoos, no validation under TDCJ rules, no weapon was charged or used in the Indictment during the Commission, Defendants violate Article 1 Section 9 US Constitution Bill of Attainder prohibits finding any person guilty of an offense with a judicial trial, a libel and slander claim that defames without a Hearing 14th USCA.

(25) TDCJ, UTMB Texas have an unwritten policy to retaliate against Inmates who file Civil Rights Suits, under ADA 42usc 12203 in the Federal Court House.  Plaintiff file in USDC Eastern Division #506-CV-210, SND 509CV027 which was the moving force behind denying doing more time that other Inmates with more heinous crimes, all Defendants conspired by falsification of records, covenant of Good Faith.

(26) UTMB policy for 2-hour diaper changes for bed bound patients, leaves complete discrimination by Nurses Patients Care Techs.  Hereafter use acronym PCT Agency hires to assist Disabled Patients via Modification Accommodation 42usc 12132, priorities are lackadaisical, laziness, lavish breaks, socializing, violating Nursing Board Examiners, Texas Medical Board, American Medical Association Standards to ameliorate inhuman barbaric pain and suffering. Beto had no PCT's working infirmary.

(27)  UTMB policy violates ADA 42usc 12132 by allowing unlicensed personnel to perform gross indiscretions, poor judgement and overall incompetence to care for the disabled patients, everyday patients falling causing an excruciating slow death sent to TDCJ RMF to die, a certain death, when medical officials discriminating decisions are constrained by ambiguity are an act of the state agency, that subordinates liability, causation exists when repetition.

(28)  Leaving bed bound patients laying in fecal, urine for 1 to 16 hours, using threats of violence to force refusals, coerce Freedom of Consent is not a voluntary waiver, a federal law violation 42usc 12203 to continue for 5 years is causation that it was consistent enough to constitute a policy, custom by the policy maker Director Linthicum MD a deliberate indifference to serious medical need, malicious sadistic cruelty, 8th USCA.

(29) UTMB policy reflects a Discriminatory impact is an awareness of the consequences, the illegal custom implemented 42usc 1983 in part, because of not merely in spite of, it's adverse cruel effects upon an identifiable group, where a neutral policy impacted exclusively imposed one suspected class of prisoners without ambulation.

(30)  UTMB, TDCJ listed Defendants, etc. All in content of Proximate Cause, that foreseeability that a retaliatory animus was pretextual receiving services in a morbidly hostile manner, objectively unconstitutional agencies negligence in failing to monitor n/s employees to provide services, ensure Health and Safety Codes were met. Acting through its Board of Trustees, Committee, Directors, Administrative Agents, engaged in acts omissions constituting negligent supervision and vicariously liable. Substantial risk to health safety.

(31)  UTMB, TDCJ listed all Defendants 42usc 1985 conspiracy met the objective at the deprivation of minimal necessities of life, denying a basic need to dispose of human waste in a timely manner, sanitary conditions, a responsible prison official acted with deliberate indifference, intentionally, unlawfully deprived Plaintiff of cleanliness, sleep, and peace of mind, revocation of diaper changes designed to harass, punish Plaintiff.

(32)  A violation of Substantive Due Process is shown when Officials arbitrary and capricious acts are conscience shocking, a state institutional Inmate has a protected liberty interest in receiving safe, humane living conditions and freedom from unreasonable body restraints, Plaintiff restrained to his bed 24/7 states Constitutional 8th 14th Claim.

(33) A state regulation or law is Federally preempted in the extent that it actually conflicts with Federal laws, or when it is impossible for a private party to comply with both state and federal laws, or when a state law stands as an obstacle to the accomplishment and execution under of the intent of Congress. ADA 42usc 12132  precludes exclusively States Regulation under the Supremacy Clause USCA.

(34) All Defendants listed unequivocally established personal involvement under all legal Theories of Liability by: Wanton infliction of pain, risk of Health and Safety known to Official.

 (A) Actual presence and/or participation in acts, failures to act that violated rights.
 (B) Knowledge and acquiescence by supervisory officials in constitutional violations by subordinates.
 (C) There are written and unwritten policies supporting Constitutional Civil Rights violations.
 (D) Failure to establish policies for known problems officials knew or should have known would result in Constitutional violations.
 (E) Failure to perform a Statutory Regulatory duty, even where the supervisory official does not correct resulting in Constitutional violations and injury.
 (F) Failure of supervisory officials to train and supervise subordinates in reckless manner.

(35) Plaintiff pleads substantive and procedural Due Process Claims by showing state officials are depriving him of life, liberty, and property without Due Process of Law. May not condition access to even a gratuitous benefit or privilege at bestows upon the sacrifice of a constitutional right, while acting under color of state law.

(36)  The Chronology sequence of events which retaliation is plausibly inferred, the vindication of trumped-up disciplinary cases after hearing are factual evidence of retaliatory motive, real reason case was written was an improper one, because the 1st amendment protects Plaintiff's right to freely access the Courts.

(37) Reference to incorporate all paragraphs: US Amendment I Congress shall make no law respecting the Establishment, prohibiting the Free Exercise of Religion, Free Expression, Speech, or Abridging Freedom to petition the government for a Redress of Grievances.

(38)  Reference to incorporate all paragraphs: US Amendment V No Person shall be Deprived of Life, Liberty, or Property without Due Process of Law.

(39)  Reference to incorporate all paragraphs: US Amendment VII excessive fines shall not be imposed nor cruel and unusual punishment inflicted unnecessary infliction of pain, a substantial risk to Health and Safety, a reasonable official would have known.

(40)  Reference to incorporate all paragraphs: Amendment IX the Enumeration in the Constitutions certain rights shall not be constructed to deny or disparage others retained by the People.

(7)

(41)   Reference to incorporate all paragraphs: US Amendment XIV no State shall make or enforce any Law which shall Albridge of Privileges or Immunities of Citizens of the US, nor shall any State deprive any Person of Life, Liberty, or Property without Due Process of Law nor deny to any Person within its Jurisdiction the Equal Protection of the Laws.

Proposed June 13, 1866 Ratified July 9, 1868

(42)   Plaintiff demands a Jury Trial under the 7th Amendment to the United Staes Constitution.

**Requested Relief**

(43)   Wherefore, Plaintiff further requests the following Relief, hereafter please Reference United States Constitutional Claims.

(44)   Plaintiff is only requesting Declaratory and Injunctive Relief in all areas, all Grounds listed in the petition titled Civil Right Suit, no monetary damages requested, all Prospective Relief to all Claims.

(45)   Declaratory and Injunctive Relief that Defendants are violating the 1st, 4th, 5th, 8th and 14th Amendments to the United States Constitution, in the application of an unwritten policy to retaliate by Deprivation of Contemporary Standards of Decency, forcing Plaintiff to lay in His body waste as a disciplinary tool.

(46)   Declaratory and Injunctive Relief showing that all disciplinary cases listed are void for Vagueness, no posted TDCJCID Rule prohibits actions which Plaintiff was punished for, was not put on notice of any prohibition, used to illegally extend confinement. Were all overturned by Due Process Violations.

(47)   Declaratory and Injunctive Relief showing that disciplinary cases that were overturned, taking good time, denying Witnesses cross examination, confrontation right appointing substandard ineffective Counsel was a substantive and procedural Due Process Violation, a malicious prosecution in retaliation for filing grievances on same Persons who wrote cases were written for the wrong reasons.

(48)   Declaratory and Injunctive Relief showing that Good Time taken was not returned to Plaintiff, after Administration overturned them, stating a property interest taken without Due Process of Law, disciplinary cases overturned on July 2021.

(49)   Declaratory and Injunctive Relief showing state agency's custom, policy, practice is the unnecessary wanton infliction of pain, without Penological Legitimate Justification, concepts of Dignity, Civilized Standards of Humanity, Extreme Pain, Anguish, Humiliation, Mental Suffering, resulting in physical injuries and mental anguish are cognizable under 42usc 1983 meeting are article III injury all traceable to Defendants unlawful conduct.

(50)   Declaratory and Injunctive Relief that defendants used 18usc 1001 Fraud by Planting a weapon on a bed bound Patient so disabled it is "Metaphorically and Physically" impossible for Him to use, or get outside fence to retrieve it, then to bring it back into a tight security prison, being unable to ambulate or get out of bed or able to assault anyone.

(51)   Declaratory and Injunctive Relief only on all Americans with Disability Act, Rehabilitation Act, Civil Conspiracy Claims, Retaliation and Cruel and Unusual Claims.

(8)

(52)   Plaintiff has been diagnosed with a Vitamin D Deficiency (cannot be absorbed orally), Degenerative Bone Density Disease from lack of natural sunlight. The TDCJ policy, regulation prohibits disabled inmates to access outside recreation, fresh air, which Plaintiff will suffer more irreparable harm, will exacerbate already deteriorating mal treatment conditions, 8th USCA.

(53)   One day after Life Endangerment was filed on Taylor, Carouth and Holman immediate orders, leaving on 5/5/2020, used excessive force he is bed bound, not resisting or evading any unnecessary force wanton infliction of pain violating 8th Amendment USCA.

(54)   On 5/5/2020 Carouth, Taylor wrote a bogus case for threat impossible to beat anyone, "Metaphoric and Physically" unable to harm any recalcitrant TDCJ officials, armed with tear gas, handcuffs, and no disabilities.

(55)   UTMB TDCJ policy Prohibiting disabled Inmate's access to Church services on gender, violate ADA rehab act and both the Establishment Clause and the Free Exercise Clause if the 1st Amendment, Government is required neutrality, neither aiding opposing Religion access at the Beto Unit.

(56)   All Defendants conspiracy to harass, threaten, coerce Plaintiff to give up a substantive Constitutional Right, eq, Free Speech, Medical ADL's Treatment, diaper changes are violating the 14th Amendment to US Constitution and Section 42usc 1983, 42use 12203.

(57)   All Defendants Conspiracy to violate Plaintiff's 1st, 4th, 5th, 8th, and 14th Amendments Civil Rights, by punitive punishments no regular diaper changes or showers, food deprivation from only receiving 100 meals out of 300 served, loss of 35 lbs. Placed in segregation, all requires some kind of Hearing in meaningful place, time 14th USDA.

(58)   Defendants Collier, Taylor, Holman and Phillips announced "open Season" on Plaintiff after each complaint, harassment threats of violence, impeding medical care is a morally corrupt deliberate indifference to serious medical needs, coercing, threatening, intimidating under Title II ADA 42usc 12203, 28 CFR 35-134, to force involuntary medical diaper change refusals under duress, set at desk writing 1-171 refusals with no contact w/ Plaintiff.

(59)   The Patient Care Techs, Nurses Carouth, Phillips assigned job duties ie diaper changes, showers, linen changes, assist access to toilet, not supervised or disciplined, will lie, cheat or steal to escape changing a toxic virulence diarrhea laced diaper, by censorship PCT"s used contumacious TDCJ officers to force the free will to accept daily care without an adverse Sanction eq, officer imprudent insults, homosexual slurs, degrading malevolent remarks, make officers harass Patients to receive sexual benefits from invidious promiscuous nurses, Carouth.

(60)   Medical impediment deterrent from April 2019 to 9/17/2020 continuing Tort Doctrine Disclaimer: Some TDCJ Officers are very professional as some medical staff DO NOT engage is making a dishonest living victimizing disabled Patients at Beto Unit.

(61)   Plaintiff's degenerative Spinal Stenosis requires a very complicated surgery, the majority of other patients that receive this type of surgery comeback a paraplegic, after the UTMB students' trial and error, no medical degree or no license Texas Medical Board is the primary reason why Plaintiff would not allow the students to make more complications on another prisoner.

(9)

(62)   To challenge the Constitutionality of TDCJ Rules only, the United States Constitution forbids State imposed stigmatizing classifications based on fraud. Texas Administrative Code 145.2 includes whether Inmates are confirmed STG Gang members and all prison disciplinary cases to be considered in the review process, this transgression foreclosed Plaintiff's constitutional right for a release on 4/28/2021 discharge date. Liberty and interest and it's delineation of the procedures constitutionally required although it ultimately hold the TDCJ create a constitutionally protected expectation of parole, whenever a State establishes the possibility of parole.

(63)   Reference to Incorporate as if pled in all claims: Amendment 14, NO Person or Class shall be denied the same protection of the laws which is enjoyed other similarly situated persons in their Lives, Liberty, Property and the Pursuit of Happiness that Disparate Treatment as to be Wholly, Arbitrarily, as listed throughout.

(64) Reference to Incorporate as if pled in all Claims: The equal protection Clause apply's to all persons, not groups protection to Administrative and Legitimate Acts. The Jurisprudence has typically been concerned with governmental classifications, a disparity in treatment between classes of individual those situations are agreeably indistinguishable. Plaintiff aleges singled out as a class of one, states a 14th Amendment Claim treated differently from others similar stated, no rational basis for discriminations.

(65)   Texas Administrative Code prohibit under 145.3 Sub Sec (4) no consideration of litigation when reviewing release and 150,55 conflict of interest by Collier. The Accord Doctrine mandate Agency must abide by its own regulations, may result in the invalidation of the administrative decision when shown to the contrary.

(66)   TDCJ Collier unconstitutional proceeding, retaliatory, using voided, fraudulent unadjudicated offenses the improper actions were sufficiently widespread and approved to represent implementation of official or Informal custom or policy. Such custom has not received formal Approval through the body's official decision-making channels.

(67)   Common Law did not bar Inmate in bringing 42usc 1983 Action against the Agencies TDCJ claiming release was denied by fraud altering records, withhold exculpatory evidence suborning Perjury, procured by 18usc 1001m 18usc 242 fraud conspiracy.

(68)   Collier TDCJ agents' failure to authenticate classification records for the truth and honesty, TDCJ defendants intentionally, unlawfully, with a deliberate indifference to Plaintiff's rights, placed fraudulent libel and slanderous information to inhibit the release process that violated the 14th Amendment's Equal Protection Clause to be treated as simply situated prisoners, who made parole with more heinous crimes, 5usc 562 Federal Pre-Exemption Records.

(69)   Privacy Act 5usc 552 violation is an illegal policy or custom that existed, the custom served as the moving force behind the violation, execution of this custom was officially adopted by that body's official 42usc 1983 provides a remedy for the rights it designates. Procedural Due Process apply in this cause to the deprivation of an interest encompassed by the 14th Amendment of Liberty and Property Interest, a hearing is required where a person's good name, reputation, honor or integrety is at stake. By Placing Gang validation imposed a stigma or other disability that foreclosed His Freedom w/ malice.

(10)

(70)   There is no evidence that Penal Code 71.02 Plaintiff is a gang member, gang affiliates jacket Due Process Claims was motivated by animus for filing grievances, such retaliation transgresses clearly established law, inhibit avenues to redress wrongs, inadequacies of prisons.

(71)   Courts have deemed this level of certainty necessary to Preserve Fundamental Fairness in a variety of government initiated proceedings that threaten the individual with a significant deprivation of Liberty or stigma Standards of Proof are shaped by the risk of error inherent in the truth finding process as applied to generality of cases. 14th USCA

(72)   There is a casual connection between the adverse action and the protected activity ADA Lawsuits, 10 grievances filed just days before adverse set off for Disability Discrimination  Parole Board Members conspire with defendants under Title IV of the civil Rights Act of 1964 continuing series back and forth Protected Activities and Adverse Actions is Prima Facie Case.

**Prayer**

Plaintiff Prays for all Requested Relief, Subject to an Independent Jury Ruling that is Fair and Equitable for Everyone Concerned.

The above Statements are true and Correct under Penalty of perjury 28usc 1746.

Respectfully Submitted,

Kurby Decker

Kurby Decker

Executed 4/11/2022

(11)