IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| KURBY DECKER | § | |
| VS. | § | CIVIL ACTION NO. 6:22cv160 |
| BRYAN COLLIER, ET AL. | § | |

REPORT AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE

Plaintiff Kurby Decker, an inmate formerly confined within the Texas Department of Criminal Justice (TDCJ) proceeding *pro se*, filed this numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

On August 8, 2022, the undersigned issued an order, (Dkt. #24), granting Defendants' motion for a more definite statement. The order directed Plaintiff Decker to file a more definite statement of his claims no later than September 9, 2022—and provided that the failure to comply may result in the dismissal of the lawsuit. A copy of this order was mailed to Plaintiff via certified mail, return receipt requested.  A tracking search reveals that order was delivered at the address provided on August 12, 2022.  To date, however, Plaintiff has not submitted his more definite statement as ordered.

A district court may dismiss an action for the failure of a litigant to prosecute or to comply with any order of the court.  Fed. R. Civ. P. 41(b); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) ("The court possesses the inherent authority to dismiss the action *sua sponte*, without motion by a defendant.").  The district court has both specific and inherent power to control its own docket "to control the disposition of the causes on its docket with economy of

Case 6:22-cv-00160-JCB-JDL   Document 28   Filed 09/19/22   Page 2 of 3 PageID #: 116

time." *See U.S. v Colomb*, 419 F.3d 292, 299 (5th Cir. 2005); *see also Miller v. Thaler*, 434 F. App'x 420, 421 (5th Cir. 2011) (unpublished).

Here, Plaintiff Decker failed to file his more definite statement as ordered. Plaintiff's failure to file his more definite statement evinces both his failure to comply with an order of the Court and his failure to prosecute. *See, e.g.*, *Callier v. Cain*, 2012 WL 2602958, at *1 n.1 (W.D. La. June 6, 2012) ("Indeed, the evidence suggests that he no longer wishes to pursue this matter since he has not contacted the court since he submitted his *in forma pauperis* application on January 25, 2012, some four months ago.").

Plaintiff's failure to prosecute this case and to comply with an order of the Court are not actions threaten the judicial process—thereby rendering a dismissal with prejudice unwarranted. Therefore, upon consideration of all relevant factors, the Court has determined that the interests of justice are best served by a dismissal of this case without prejudice.

In accordance with *Campbell v. Wilkinson*, the Court further recommends suspending the statute of limitations in this case for a period of 60 days from date of final judgment. 988 F.3d 798, 801 n.1 (5th Cir. 2021) (explaining that "[w]here further litigation of [a] claim will be time-barred, a dismissal without prejudice is no less severe a sanction than a dismissal with prejudice, and the same standard of review is used.'").

## RECOMMENDATION

Accordingly, it is recommended that the above-styled action be dismissed, without prejudice, for Plaintiff's failure to prosecute his case and Plaintiff's failure to comply with an order of the Court. The Court further recommends that the statute of limitations be suspended for a period of 60 days from date of final judgment.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**So ORDERED and SIGNED this 19th day of September, 2022.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE